**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 20, 2024.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT CRANE, | § | CASE NO. 24-60326-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 13 |

**OPINION AND ORDER DENYING MOTION**

The Court heard the Debtor's *Motion to Declare Post-Petition Foreclosure and Deed Void as a Violation of 11 U.S.C. § 362(a)* (ECF No. 15) ("**Motion**") and determined that the Motion should be denied because the Debtor failed to carry his burden to establish a violation of the automatic stay.

I. **BACKGROUND**

American Scare Grounds, LLC ("**ASG**") owned real property at 14656 I-35 N Frontage Rd., Elm Mott, TX ("**Property**") subject to deed of trust securing a promissory note ("**Note**") in favor of Independent Bank. ASG defaulted on the Note, and on July 2, 2024, Independent Bank foreclosed on the Property. The Debtor is the sole member of ASG and had guaranteed payment

`24-60326-mmp Doc#27 Filed 08/20/24 Entered 08/20/24 14:18:54 Main Document Pg 2 of 5`

of the Note. The Debtor concedes that he does not own the Property, but testified that he lives in a trailer on the Property with ASG's consent. No testimony was given on the permanence of the trailer (i.e., whether it could easily be moved off the Property).

The Debtor claims the foreclosure sale operated as an act (i) to collect a debt owed by the Debtor under § 362(a)(6),[1] and (ii) against the Debtor's possessory interest in the Property, which the stay protects. No documentary evidence of any kind, much less of a possessory interest, was offered into evidence, but the Debtor cited a Sixth Circuit case finding that "possessory interests in real property fall within the ambit of the protection provided by the automatic stay." ***In re Convenient Food Mart No. 144, Inc.***, 968 F.2d 592, 594 (6th Cir. 1992) (citing ***In re 48th St. Steakhouse, Inc.***, 835 F.2d 427, 430 (2d Cir. 1987), *cert. denied*, 485 U.S. 1035, 99 L. Ed. 2d 910, 108 S. Ct. 1596 (1988); ***In re Atlantic Business and Community Corporation***, 901 F.2d 325, 328 (3d Cir. 1990)).

Independent Bank and Andrew Bourgeois ("**Bourgeois**"), the buyer of the Property at the foreclosure sale, opposed the Motion. Both revealed that no effort had yet been made to remove or evict the Debtor from the Property, so if the Debtor had a possessory interest, it had not yet been challenged or violated. Bourgeois also argued that the relief the Debtor requested could be granted only through an adversary proceeding under Fed. R. Bankr. P. 7001(9), and requested that, if the Court believed the stay was violated, the Court should annul the stay.[2] At the hearing on this matter, Independent Bank pointed the Court, for the first time, to an opinion by Judge Maddox, ***In***

---

[1] All statutory references are to Title 11 of the United States Code, unless otherwise noted.

[2] Because the Court finds the Debtor did not carry its burden to establish a stay violation, it does not reach whether a motion requesting a declaration of a stay violation may be brought as a contested matters or must be brought through the filing of an adversary proceeding. *See* § 362(k); Fed. R. Bankr. P. 4001, 7001(9) and 9014. At the hearing on the Motion, the Court noted that any request to annul the stay had to be brought through motion, not in a response.

*re Ross*, 2019 Bankr. LEXIS 357 (Bankr. N.D. Miss. 2019), which it argued presented an analogous fact pattern and should be used as guidance in the Court's determination.[3]

## II. DISCUSSION

Generally, the automatic stay does not extend to non-debtors like ASG. The automatic stay only extends to non-debtors in limited circumstances, where the non-debtor and debtor have such an identity of interests that collection against the non-debtor is effectively collection against the debtor. ***Reliant Energy Servs. v. Enron Can. Corp.***, 349 F.3d 816, 825 (5th Cir. 2003). The Debtor presented no evidence that ASG and the Debtor have such an identity of interests, so the Court will not hold that the Debtor's stay extends to the Property on those grounds.

Alternatively, the Debtor alleges that he has a possessory interest in the Property because he lives in a trailer on the Property. The Debtor's theory is flawed. First, the Debtor has the burden to establish the alleged possessory interest in real property by a preponderance of the evidence. ***Kroesen v. Wernes***, 2020 Bankr. LEXIS 1192, *1, *36 (Bankr. W. D. Mo. 2020) ("The debtor bears the burden of proof in an action for violation of the automatic stay.") (citing ***Clayton v. King***, 235 B.R. 801, 806-07 (Bankr. M.D.N.C. 1998); ***In re Dunn***, 202 B.R. 530 (Bankr. D.N.H. 1996); ***Estep v. Fifth Third Bank of N.W. Ohio***, 173 B.R. 126, 129 (Bankr. N.D. Ohio 1994) (citing ***Grogan v. Garner***, 498 U.S. 279, 286, 112 L. Ed. 2d 755, 111 S. Ct. 654 (1991)). Debtor presented no evidence of the alleged possessory interest. While the Debtor testified that he, as sole member of ASG, *consented* to himself staying on the property, he presented no evidence of a right to remain on the Property with the trailer indefinitely (e.g., a written lease with a specified term or identified

---

[3] In *Ross*, Judge Maddox found that the automatic stay *did protect* a debtor's limited possessory interest (arising under a verbal lease agreement with the heirs of the owner of property) against ejectment, but the debtor's limited possessory interest was "insufficient to drag the Property itself into the bankruptcy estate." *In re Ross*, 2019 Bankr. LEXIS at *11. Judge Maddox expressed particular concern about a debtor's use of the Bankruptcy Code to "create a mortgagor-mortgagee relationship out of thin air and then force it on an unwilling" mortgagee. *Id*.

obligations of either ASG or the Debtor). The circuit authority cited by the Debtor dealt with holdover tenants who had identifiable holdover rights tethered to a written (albeit expired) lease. That is not this case. ASG's consent to having a trailer on the Property does not automatically create a possessory property interest in favor of the Debtor.

Second, even if the Debtor had a possessory interest in the Property, the stay would only protect the Debtor's possessory interest—in other words, the stay would protect the Debtor from eviction from the Property, *not* foreclosure of the non-debtor ASG's interest. The Debtor presented no evidence that (i) Independent Bank or Bourgeois had sought to evict the Debtor from the Property or remove the trailer from the Property, or (ii) that its alleged possessory interest was subordinate to any interest Bourgeois may have acquired at the foreclosure sale.

The strongest argument for a stay violation revealed itself for the first time at the hearing, when the Court asked Debtor's counsel hypothetically if it would violate the stay for Independent Bank to sell the Note and related deed of trust to another entity. Debtor's counsel explained that such a sale would not violate the stay. When asked why a consensual sale of the Note and deed of trust would not violate the stay but a foreclosure sale would, Debtor's counsel answered that a foreclosure sale would cut off the Debtor's alleged possessory right. Counsel's answer assumes the Debtor has a possessory right in collateral subordinate to the rights of a foreclosure sale buyer. The evidence presented did not establish the existence of a subordinate possessory right. While the Court acknowledges that, "[g]enerally, a valid foreclosure of an owner's interest in property terminates any agreement through which the owner has leased the property to another[,]" ***Coinmach Corp. v. Aspenwood Apt. Corp.***, 417 S.W.3d 909, 915 (Tex. 2013), such that a foreclosure sale might constitute a stay violation, the Court does not deal in generalities. Without

evidence of the Debtor's asserted possessory right and the subordinate character of this right to the rights of a foreclosure sale buyer, the Court cannot reach this conclusion.

The Court, however, strongly admonishes Independent Bank (and, possibly, Bourgeois)[4] for failing to obtain this Court's stay determination before proceeding with its foreclosure sale. When any dispute exists over whether the stay applies to certain actions to be taken, a creditor cannot act in potential violation of the stay and then seek forgiveness afterward. ***Brown v. Chesnut (In re Chesnut)***, 422 F.3d 298, 304 (5th Cir. 2005) (holding that creditors must seek a pre-foreclosure determination of stay applicability when question exists as to applicability of the stay). The court in ***Chesnut***, despite finding that the disputed collateral was not property of the estate subject to the stay, affirmed the bankruptcy court's sanction against a creditor who proceeded to a foreclosure sale knowing questions existed about the applicability of the stay. ***Id.*** at 307. Moreover, the parties in ***Ross***, cited by Independent Bank, sought and obtained a comfort order before conducting a foreclosure sale. ***In re Ross***, 2019 Bankr. LEXIS 357 at *12. If Independent Bank truly believed that ***Ross*** was persuasive authority, then Independent Bank should have sought a comfort order from this Court before conducting any foreclosure sale. Had different evidence been presented, the Court might have appropriately sanctioned Independent Bank and still found that the Debtor lacked a possessory interest in the Property. Despite Independent Bank's failure to seek a stay determination before foreclosing, the Court finds that the Debtor did not carry his burden to establish that Independent Bank violated the stay by conducting its foreclosure sale of the Property. It is, therefore,

**ORDERED** that the above-referenced *Motion* is **DENIED**.

# # #

---

[4] The Court lacks any evidence of Bourgeois's advance awareness of the asserted possessory interest of the Debtor.